**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYZE, INC.,<br><br>      Plaintiff,<br><br> v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>      Defendants. | Case No. 26-cv-02688 |

**DECLARATION OF YINGCHUN HOU IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER GRANTING PERMISSION TO EFFECTUATE SERVICE OF PROCESS BY E-MAIL AND ELECTRONIC PUBLICATION**

I, Yingchun Hou, declare and state as follows:

1.     I am over 18 years of age, and I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiff's application for entry of an Order to Show Cause with temporary restraints, and other relief, including permission to effectuate service of process by e-mail and electronic publication (the "Application"). If called upon to testify, I could and would competently do so to the following facts set forth below.

2.     I am the Operations Manager for Panoramic Consulting Ltd. ("Panoramic"). Our firm specializes in leveraging public searches, big-data analysis, and paid intelligence systems to conduct multi-dimensional background investigations on online store owners, product sources, and logistics traces. As the Operations Manager, I oversee all operations at Panoramic.

1

3.      Our team has over 15 years of experience conducting searches of online merchants based in China, Vietnam, and other countries in Asia.  Both my team and I are fluent in Mandarin, Cantonese, and English.

4.      Counsel for Plaintiff RYZE, Inc. ("Plaintiff") requested that Panoramic investigate the listed physical addresses and contact information for the ninety (90) Defendants utilizing the eBay and Shein marketplace platforms listed on the Schedule A to the Complaint (collectively, "Defendants"). The purpose of this investigation was to assist in determining whether those Defendants can be served for process at the addresses listed on their respective store pages.

5.      As part of our firm's investigation of those Defendants, our team researched the addresses listed on the respective Defendants' eBay and Shein store pages (provided by Plaintiff's counsel) through multiple online registries and search engines, as we do with all investigations of online merchants in China and elsewhere.

6.      Specifically, our team utilized Tianyancha, a computer language learning platform that uses publicly available government data and graph database technology, company backgrounds, actual controllers, and real-time monitoring of changes in companies. Tianyancha also integrates multi-dimensional data and provides basic company registration information as well as in-depth content such as shareholder structure, operating conditions, intellectual property rights, and legal cases about registered Chinese business.

7.      Our team also utilized Baidu.com and Baidu Maps to investigate each of these Defendants. As China's largest search engine, Baidu boasts extensive data coverage and precise matching capabilities, enabling rapid location tracking of target companies and other information. Baidu Maps Open Platform is China's leading intelligent location-based service platform, providing positioning, mapping, and search capabilities. Baidu also aggregates business

2

information from authoritative platforms such as the National Enterprise Credit Information Publicity System, while Baidu Maps provides specific company location information.

8.      Our team also attempted to identify and contact the phone numbers for each of these Defendants. None of the Defendants' home pages listed a phone number, so our team attempted to identify phone numbers for all Defendants through our investigation.

9.      The physical contact addresses and telephone numbers our team investigated, and the results of our investigation are set forth in detail on the chart attached hereto as **Exhibit 1**.

10.     Our investigation revealed that forty-four (44) Defendant stores provided no phone number or physical address or country of origin on their storefront home pages or business registration records.[1] Our team attempted to identify a company or business associated with each store and any phone numbers listed for them to contact them about a service address, but were unable to find any additional information.[2]

11.     In our experience, it is not possible to serve a business in China and elsewhere without knowing the correct business or company name, and the store names used by e-ecommerce merchants are not sufficient alone to identify a related business or company when attempting

---

[1]     These 44 Defendants all operate their storefronts on the Shein marketplace platform. These Defendants do not publicly list address information, including a country of origin, on their storefront homepages. Based on our experience investigating Shein-based storefronts, including review of seller registration data and shipping origination points, the substantial majority of sellers operating on the Shein marketplace platform are physically located in the People's Republic of China.

[2]     12 of these Defendant stores' web pages had been removed from Shein's platform. We searched for these Defendants based on their store names on Baidu and other search engines. However, we were unable to identify any corresponding company name, phone number, or address for any of these 12 Defendants.

service. Accordingly, identifying and confirming the related business name for an e-commerce store is necessary before that party can be served properly.

12.     Further, businesses that do not provide or confirm a working telephone number for their businesses cannot be served, as couriers in China will require a working phone number to ensure their service attempt can be completed. Similarly, it is very difficult to confirm the address for any business that does not provide or confirm its telephone numbers, since mailing services in China will be unable to confirm or verify the listed address without a telephone number.

13.     Our team also investigated the location and telephone number for forty-six (46) Defendants listed on the Schedule A that utilize the eBay marketplace platform.[3] The home pages for stores on eBay only list an alleged country of origin[4] and do not provide any other address or contact information for these Defendants. Accordingly, our team was unable to use information from these Defendants' home pages to begin our investigation.

14.     Instead, our team contacted thirty-eight (38) of these Defendants through the chat platform available on the eBay marketplace. In our message to these Defendants, our team requested that the stores provide their company name and any contact information so that we could investigate whether service on a store's physical addresses is possible. Four (4) of these Defendants responded to us but declined to provide any information.

15.     The remaining Defendants did not reply to our team's messages and thus provided no method for us to contact or serve it. Our team also researched the stores on Tianyancha and

---

[3]     8 Defendant stores' web page had been removed from eBay's platform. We searched for this Defendant based on its store name on Baidu and other search engines. However, we were unable to identify any corresponding company name, phone number, or address for the Defendants.

[4]     8 Defendants did not list a country of origin on their eBay store home pages.

Baidu but were unable to identify the business name, registration information, or any additional contact information for these stores.

16.     Accordingly, based on our team's investigation, the listed addresses for the defendant stores are not usable for service, and our team was unable to identify other verified addresses to use for service of process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed the 24th day of March, 2026 in Hong Kong.

Yingchun Hou

5