**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYZE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | Case No. 26-cv-02688<br><br>**Judge Denise L. Cote** |

**AGREED MOTION FOR ENTRY OF A CONSENT JUDGMENT AS TO**
**DEFENDANT NUMBER 12**

This action having been commenced by Plaintiff Ryze, Inc. ("Plaintiff") against Defendant No. 12 ffdd-3-898 ("Defendant"), Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly targets its business activities towards consumers in the United States, including New York. Specifically, Defendant has targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including New York, accept payment in U.S. dollars, and have used unauthorized copies of the Ryze Copyrighted Designs which are listed in Exhibit 1 to the Complaint and the Ryze Trademark which is listed in Exhibit 2 to the Complaint (collectively, the "Unauthorized Ryze Products") to residents of New York.

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), and false designation of

1

origin (15 U.S.C. § 1125(a)), and copyright infringement (17 U.S.C §§ 106 and 501, *et seq.*).

IT IS HEREBY ORDERED that:

1.    Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from

    a.  using the Ryze Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Ryze product or not authorized by Plaintiff to be sold in connection with the Ryze Trademark;

    b.  reproducing, distributing copies of, making derivative works of, or publicly displaying the Ryze Copyrighted Designs in any manner without the express authorization of Plaintiff;

    c.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Ryze product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the Ryze Trademark and/or the Ryze Copyrighted Designs;

    d.  committing any acts calculated to cause consumers to believe that Defendant's Unauthorized Ryze Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    e.  further infringing the Ryze Trademark and/or the Ryze Copyrighted Designs and damaging Plaintiff's goodwill; and

     f.   manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Ryze Trademark, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Ryze Copyrighted Designs.

2.     The parties have agreed that an amount of $11,000 shall be paid by Defendant to settle all claims, as memorialized in the parties' settlement agreement (the "Damages Amount"). Defendant has elected to pay the Damages Amount from funds currently frozen in its eBay.com accounts.

3.     eBay Inc. ("eBay") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

4.     Upon eBay's transfer of Damages Amount to Plaintiff pursuant to paragraph 3, eBay shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order entered on April 8, 2026 [Dkt. 20].

5.     Each party shall bear its own attorney's fees and costs.

6.     The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction. Plaintiff is authorized to seek to enforce the terms of this Consent Judgment and Permanent Injunction and shall be entitled to reasonable attorneys' fees and costs incurred for any action to enforce the terms of this Consent Judgment and Permanent Injunction based on the Defendant's failure to comply, in any way, with its obligations set forth herein.

So ordered.

7/1/26

3